## GAD DAVIS *v.* R. MONTGOMERY.

Assignment of Claim in Hands of Attorney for Collection — Breach of Covenant.

Appellee had placed various claims in the hands of an attorney for collection and took his receipt for same. He by written indorsement assigned said claims to appellant, covenanting that if said claims "should not net to said Davis $1,050 when collected I'll make up the deficiency."

In a suit on the covenant the appellant alleged in his petition that he had only collected of said claims the net amount of $886, and that no more could be collected. The court below sustained a demurrer to the petition. *Held,* that the averments of the petition clearly show a breach of the covenant.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

June 29, 1866.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Appellee had placed various claims in the hands of an attorney for collection and took his receipt for the same. He, by written

indorsement, assigned said claims to appellant, covenanting that if said claims " should not net to said Davis $1,050, when collected and paid to said Davis, that I will make up the deficiency."

This covenant is dated April 28, 1859, and suit was brought on it December 4, 1865, in which appellant avers that he has only collected of said claims the net amount of $886, and that no more can be collected because of the insolvency or removal of the debtor, and prays for a judgment against Montgomery for the remainder of the $1,050.

To this petition the court sustained a demurrer, and dismisses their equity, which judgment is sought to be reversed.

Although this was an assignment of the debts, it was also a covenant that there should be collected and paid over to Davis the net amount, $1,050, and reports that the attorney to whom Montgomery had entered the collection of three debts should still collect and pay over, and evidences a purpose that the assignee should not be compelled to use all the diligence the law imposes on an assignee. Davis, of course, must use ordinary diligence to get from the attorney the amounts collected, but he was not compelled to see that each debtor was legally proceeded against with all the vigor required by an assignee.

The averments of the petition clearly show a breach of covenant and cause of action, and the court erred in sustaining the demurrer, wherefore, the judgment is reversed with directions to overrule the demurrer and for further proceedings.